IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | BANKRUPTCY CASE |
| | ) | |
| CHARLES EDWARD WILLIAMS, | ) | NO.: 23-12373-JDW |
| | ) | |
| Debtor. | ) | CHAPTER 13 |
| | ) | |
| | ) | |
| | ) | |

OBJECTION TO CONFIRMATION

COMES NOW Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Indenture Trustee of CIM Trust 2023-R3, by Fay Servicing, its servicer (hereinafter known as "Creditor"), a secured creditor holding a Deed of Trust against the real property commonly known as 1312 Country Church Rd, Ashland, MS 38642 (the "Property"), and for the reasons stated below, objects to confirmation of Debtor's Chapter 13 plan (Doc. No. 2) (the "Plan").

1.

The Plan provides for cure and maintain even though the loan matures before the last payment is due under the Plan. Therefore, cure and maintain is not available and the Plan must provide for payment in full of Creditor's claim in equal monthly statements. The loan matures 8/15/2026. The estimated payoff on the loan is $35,568.04; however, Creditor will file a proof of claim prior to the claim's deadline date.

2.

The Court has an independent duty to verify that a case meets the confirmation standards. This is true even for those confirmation requirements that are not the subject of an objection. See In re Trenton Ridge Investors, LLC, 461 B.R. 440 (Bankr. S.D. Ohio 2011)(citing Ala. Dept. of

Econ. & Cmty. Affairs v. Ball Healthcase-Dallas (In re Lett), 632 F.3d 1216, 1229 (11th Cir. 2011)("Importantly, the Bankruptcy Code envisions a bankruptcy court exercising an independent duty to ensure that the strictures of § 1129(b) are met with regard to impaired dissenting classes of creditors in a Chapter 11 cram down."); Fin. Sec. Assurance, Inc. v. T-H New Orleans Ltd. P'ship (In re T-H New Orleans Ltd. P'ship), 188 B.R. 799, 805 (E.D. La. 1995) ("A bankruptcy court confirming a 'cram-down' Chapter 11 reorganization plan has an independent duty to analyze the debtor's plan to determine that it has met all the requirements of the [Bankruptcy] Code . . . ." (footnote omitted)), aff'd, 116 F.3d 790 (5th Cir. 1997); In re Young Broad. Inc., 430 B.R. 99, 139 (Bankr. S.D.N.Y. 2010) ("The Lenders object to confirmation of the Committee Plan on the basis that it violates section 1129(b)(2)(B)(ii) because the Committee has failed to establish that the plan does not 'discriminate unfairly' and is 'fair and equitable.' The Committee responded by arguing that the Lenders waived such claims by not asserting them before the court-imposed deadline and that they have no standing to assert such claims. The Court need not reach the issues of waiver and standing because it has an independent duty to ensure that the requirements of 11 U.S.C. § 1129 are satisfied, even if no objections to confirmation have been made."). In re Bateman, 331 F.3d 821, 828 n.6 (11th Cir. 2003), including § 1325(a)(9).

3.

According to the Schedules, Debtor is not spending any money on maintenance, repairs, or upkeep of the Property, thus impairing Creditor's collateral and security interest.

4.

Creditor reserves the right to raise any failure of Debtor to cooperate with the Trustee in this bankruptcy case, including providing all required information and documents, if at the time of the confirmation hearing that appears to be the case.

5.

Creditor reserves the right to raise any failure of Debtor to timely file all required income tax returns as required by 11 U.S.C. § 1308, if at the time of the confirmation hearing that appears to be the case.

6.

Creditor reserves the right to raise any failure of Debtor to timely make all payments under the Plan or required by the Plan, if at the time of the confirmation hearing that appears to be the case.

7.

Creditor also requests that the Plan be amended to provide that Debtor make all payments for taxes and insurance directly.

WHEREFORE, Creditor prays that the Court will:

1. deny confirmation,

2. award reasonable attorney's fees, and

3. grant such other and further relief as is just and equitable.

*/s/Karen A. Maxcy*
Karen A. Maxcy
Mississippi BAR NO. 8869
Attorney for Creditor
McCalla Raymer Leibert Pierce, LLC
1544 Old Alabama Road
Roswell, GA 30076
678-321-6965

## CERTIFICATE OF SERVICE

      I, Karen A. Maxcy, of McCalla Raymer Leibert Pierce, LLC, do hereby certify that on this date, I served a copy the above OBJECTION TO CONFIRMATION filed in this bankruptcy matter on the following parties at the addresses shown, through the Court's ECF/CMF system, and/or via U.S. Mail First Class, postage prepaid and properly addressed, to-wit:

Charles Edward Williams
1312 Country Church Rd
Lamar, MS 38642

Robert Hudson Lomenick,  *(served via ECF Notification)*
P.O. Box 417
Holly Springs, MS 38635

Locke D. Barkley  *(served via ECF Notification)*
6360 I-55 North
Suite 140
Jackson, MS 39211

      CERTIFIED, this the 17th day of August, 2023

                                        */s/Karen A. Maxcy*
                                        Karen A. Maxcy